# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| JIMMIE LEE GREEN, | ) |
| Petitioner, | ) ) ) |
| v. | ) )  Case No. CV415-296 |
| WARDEN BRAD HOOKS, | ) ) ) |
| Respondent. | ) |

## **REPORT AND RECOMMENDATION**

Convicted on September 30, 2013 in the Chatham County Superior Court of "armed robbery, aggravated assault, possession of a firearm during the commission of a felony, and possession of a firearm . . . by a convicted felon," doc. 1 at 41, Jimmie Green seeks "acquittal, pardon, or amnesty" under 28 U.S.C. § 2254. Upon preliminary review,[1] his petition must be dismissed.

In ground one, nominally a due process claim, Green alleges (in raw, unedited form) that:

> I chose common law jurisdiction, the court proceeded in Admiralty. I had a right to face my accuser, that was denied; No affidavit of Fact, which I requested, no delegation of authority order, I did not

---

[1] *See* Rule 4 of the Rules Governing Section 2254 Cases.

consent to the courts jurisdiction. I never gave a name, I requested the International Maritime Contract in dispute, I requested the court to state the proper jurisdiction and denied my request for change of venue.

Doc. 1 at 5. Grounds two through four read similarly.[2]

Nothing about any of his claims makes any sense, much less presents a "violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Because "it plainly appears . . . that [Green] is not entitled to relief," the Court "must **DISMISS** the petition." Rule 4 (emphasis added).

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9,

---

[2] Ground two, which Green labels "double jeopardy," apparently revolves around the state court reassigning his case to different judges and the failure of that court to "enter[] onto the record" and "oath . . . approved by" Green. Doc. 1 at 6. Count Three, styled a "lack of subject matter jurisdiction," asserts that "no provision of the state constitution or of any valid statute . . . invest[s]" the state court with jurisdiction "to try the particular Jimmie Lee of the Green family [who] is not a defendant corporation." *Id.* at 8. The cherry of absurdity on this half-baked cake of nonsense is ground four. There Green asserts improper venue premised on:

> Jimmie Lee Green [being] not a for profit corporation for the State of Georgia or member. [Green] does not have an office or transact[] business in such county in a manner that would be deemed sufficient for purpose of giving the Court personal jurisdiction over the Jimmie Lee Green or Agent.

*Id.* at 10 (emphasis omitted).

2009),[3] the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED**, this 6th day of November, 2015.

*/s/ M. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3] Under Rule 11(a) of the Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a [COA] when it enters a final order adverse to the applicant."